HALL, Judge.
The appellants, John Flynn and Frank Rothschild, challenge the summary judgment entered in favor of the appellee Roger Rasooli, contending that genuine issues of material fact exist. We agree and reverse.
Rasooli filed an amended eight-count complaint against Steven Spande, David Harrington, Marshall Davis, Inc., a securities brokerage firm, and the appellants, the co-owners and managers of the branch of Marshall Davis, Inc. at which Spande and Harrington were alleged to have once worked. The amended complaint contained allegations of securities laws violations, common-law fraud, breach of fiduciary duty, negligence under the theory of re-spondeat superior, theft, and conversion.
The appellants filed a motion to dismiss the complaint. Prior to being heard, counsel for the appellants filed a motion to withdraw and were subsequently allowed to withdraw. Rasooli, thereafter, filed a motion for partial summary judgment under counts I and II of the amended complaint. Those counts alleged securities laws violations.
At the hearing on Rasooli's motion the appellants appeared without counsel. Although the trial court took testimony from the appellants, that testimony was limited to the contents of Rasooli’s affidavit, as the complaint was unverified.
In his affidavit Rasooli stated that he first met Harrington in the fall of 1987. Harrington identified himself as a securities broker employed by Marshall Davis, Inc., and Rasooli asked to be contacted about future investments. In December 1987, Harrington advised Rasooli that Marshall Davis, Inc. would be the principal underwriter of a new stock offering that would be coming out soon. In January 1988, Rasooli received a call from Spande, who requested that Rasooli meet with him and Harrington to discuss the purchase of the new stock offering. The three men met on January 22, 1988. Spande and Harrington, representing themselves as brokers with Marshall Davis, Inc., convinced Rasooli to tender a $15,000 check made out to Harrington to ensure his participation in the initial offering of the new stock, would would occur on January 28, 1988, in Denver, Colorado. Rasooli also stated in his affidavit that he contacted Marshall Davis, Inc. on the day of his meeting with Spande and Harrington and was advised that Marshall Davis, Inc. would be the chief underwriter of a new stock offering that would be coming out soon.
We note that though Rasooli alleges in his complaint that Spande and Harrington were employed by Marshall Davis, Inc. and that Flynn and Rothschild were branch managers and co-owners of Marshall Davis, Inc., his affidavit does not bear out these allegations. Rather, it alleges that he was told by Marshall Davis, Inc. that neither Spande nor Harrington were still employed there. The affidavit further creates a factual dispute as to whether the stock was currently being offered by Marshall Davis, Inc., since Rasooli only alleges he was told the stock offering was coming out soon, not that it was currently available.
Because the affidavit filed by Rasooli raises genuine issues of material fact as to whether Spande and Harrington were employed by Marshall Davis, Inc. at the time of their interactions with Rasooli and as to whether the stock was actually being offered at the time of those interactions, we reverse the summary judgment. See Holl v. Talcott, 191 So.2d 40 (Fla.1966). In doing so, we note that the order issued by the trial court on the motion for partial summary judgment appears to dispose of all counts of the complaint by summary judgment. Since we are reversing the summary judgment order, we do not find it necessary to discuss this issue.
*985 Reversed and remanded for further proceedings consistent herewith.
DANAHY, A.C.J., and LEHAN, J., concur.